```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FORT SMITH DIVISION
```

DALE HALL                                              PLAINTIFF

    v.           Case No. 2:08-CV-02099-RTD

HEARST-ARGYLE TELEVISION, INC.
d/b/a KHBS-TV                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging a breach of fiduciary duty by Defendant and seeking damages. Before the Court are the Stipulated Administrative Record (Doc. 13), Plaintiff's Brief (Doc. 16), and Defendant's Reply (Doc. 19). For the reasons stated herein, the Court finds that Defendant did not breach its fiduciary duty, and its decision to deny benefits was supported by substantial evidence. Plaintiff's claim is **DENIED**, and Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE.**

### I. Background

From 1974 until his retirement on January 1, 2001, Plaintiff was an employee of KHBS Television and later Hearst-Argyle Television (HAT), which merged with KHBS. In September or October of 2000, Defendant HAT distributed information regarding the Incentive Retirement Program (IRP), an optional early retirement program for its employees. (AR-0034-51).

In October 2000, Plaintiff elected to participate in the

IRP and then retired on January 1, 2001.  Plaintiff chose the Social Security Level Income payment option which provided that the monthly benefits from the IRP would be adjusted once he began receiving Social Security benefits "so that the total from HTV benefits and Social Security is about the same before and after age 62".  (AR-0041).

Prior to turning sixty-two, Plaintiff received $1,754.42 per month in IRP benefits.  In July 2005, Plaintiff began receiving $824.00 in monthly Social Security benefits.  As a result, Plaintiff's monthly IRP benefits were reduced to $22.42 per month.  Plaintiff also began to be billed for his medical premiums, which had previously been deducted from his IRP benefits.  Plaintiff contends his understanding was that his benefits would only be reduced by the amount of his Social Security benefits per month.  (Doc. 16, p. 3).  However, the estimate provided to Plaintiff at the time he enrolled in the IRP was $1606.00 prior to age 62 and $86.00 after turning 62.  (AR-0068-69).

In January 2006, Plaintiff appealed to the HAT Employee Benefits Department for additional benefits.  His request was denied the following month.  In August 2008, Plaintiff filed suit against Defendant for breach of contract in the Circuit Court of Sebastian County, Arkansas.  Defendant removed the case to this Court in September 2008.  The parties have stipulated

AO72A
(Rev. 8/82)

that Plaintiff has exhausted his administrative remedies. (Doc. 12).

## II. Standard of Review

A denial of benefits claim under ERISA is reviewed for an abuse of discretion when "a plan gives the administrator discretionary power to construe uncertain terms or to make eligibility determinations." *King v. Hartford Life & Accident Ins. Co.*, 414 F.3d 994, 998-99 (8th Cir. 1997)(en banc)(citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989)).

The parties do not dispute that abuse of discretion is the proper standard of review. However, Plaintiff contends that a conflict of interest exists as Defendant both determines whether an enrollee is eligible for benefits and also pays the benefits out of its own pocket and contends the conflict of interest should be considered as a factor in determining whether there was an abuse of discretion. *See Hackett v. Standard Ins. Co.*, 559 F.3d 825, 830 (8th Cir. 2009)(citing *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343 (2008)). The Court will review the denial of benefits for an abuse of discretion taking into account relevant factors to include the potential conflict of interest.

## III. Analysis

The Eighth Circuit Court of Appeals has "variously defined ... an abuse of discretion as being 'extremely unreasonable,'

'virtually' the same as arbitrary and capricious, and 'extraordinarily imprudent.'" *Shell v. Amalgamated Cotton Garment*, 43 F.3d 364, 366 (8th Cir. 1994) (citations omitted). "The proper inquiry under the deferential standard is whether 'the plan administrator's decision was reasonable; i.e., supported by substantial evidence.'" *Cash v. Wal-Mart Group Health Plan*, 107 F.3d 637, 641 (8th Cir. 1997)(quoting *Donaho v. FMC Corp.*, 74 F.3d 894, 899 (8th Cir. 1996)). A decision is reasonable "if 'a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision.'" *Id.* (citation omitted). "If the decision is supported by a reasonable explanation, it should not be disturbed, even though a different reasonable interpretation could have been made." *Id.*

Plaintiff contends Defendant breached its fiduciary duty under ERISA as his benefits were not "substantially the same" before and after his Social Security payments commenced, consistent with the terms of the plan. (Doc. 16, p. 3; AR-0059). The total amount of benefits Plaintiff received before Social Security commenced was $1,754.42, and the total he received afterward was $846.42 ($824 from Social Security and $22.42 from the IRP). Further, Plaintiff alleges that Defendant knew his IRP benefits would be reduced to $22.42 as early as December 14, 2000, but failed to inform Plaintiff thereby

preventing him from changing his type of payment or opting out of the plan altogether. Plaintiff contends this amounts to a deliberate misrepresentation and a breach of fiduciary duty. *See Varity Corp. v. Howe*, 516 U.S. 489, 492 (1996).

In the IRP Benefits Statement, Plaintiff's estimated monthly benefits from HAT were projected to be $1,606 before Social Security commenced and $86 after.[1] (AR-0069). Plaintiff was advised that his benefits would be actuarially adjusted so as to be increased until age 62 and decreased thereafter. (AR-0059). Further, that his benefits would be "insofar as possible, substantially the same" both before and after obtaining Social Security benefits at age 62. (AR-0059).

The Court agrees with Plaintiff that the use of the term "substantially the same" is misleading. However, Plaintiff was provided an estimate showing a substantial decrease in IRP benefits once Social Security commenced. (AR-0069). Further, the Benefits Statement provided to Plaintiff made clear that under the Social Security Level Option his benefits would be "front-loaded" and would decrease substantially. For example, the Benefits Statement showed an estimate of $243 in monthly benefits under the Life Annuity option as opposed to $798 under the Social Security Level Option which would decrease to $38

---

[1] Plaintiff does not contend he failed to receive the Benefits Statement showing this estimate.

AO72A
(Rev. 8/82)

after age 62.  (AR-0068).  Accordingly, the Court finds that Defendant's decision to deny benefits is supported by substantial evidence, and the Court cannot find Defendant breached a fiduciary duty by "significantly and deliberately" misleading Plaintiff.

**IV. Conclusion**

The Court finds HAT's decision to deny Plaintiff additional retirement benefits and reimbursement of medical expenses reasonable and not made in bad faith.  For the reasons stated herein, the Court finds the Defendant's decision was supported by substantial evidence and is **AFFIRMED**.  Plaintiff's claim is **DENIED,** and Plaintiff's Amended Complaint is hereby **DISMISSED WITH PREJUDICE** with each party to bear its own costs and fees.

IT IS SO ORDERED this 19th day of August, 2010.

/s/ Robert T. Dawson
HONORABLE ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE